J-S07019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                                :             PENNSYLVANIA
                          :
        v.                        :
                          :
                          :
DAVID ANTHONY KONDRAD        :
                          :
             Appellant      :      No. 1036 MDA 2024

Appeal from the Judgment of Sentence Entered June 24, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000482-2022

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                                :             PENNSYLVANIA
                          :
        v.                        :
                          :
                          :
DAVID ANTHONY KONDRAD        :
                          :
             Appellant      :      No. 1037 MDA 2024

Appeal from the Judgment of Sentence Entered June 24, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000483-2022

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED: MAY 13, 2026**

Appellant, David Anthony Kondrad, appeals *pro se* from the judgment of sentence entered on June 24, 2024, following his jury trial convictions for aggravated indecent assault of a child, aggravated indecent assault – complainant less than 13 years of age, two counts of indecent assault of a

person less than 13 years of age, and two counts of corruption of minors –

defendant age 18 or above.[1]  We affirm.

The trial court summarized the facts and procedural history of this case

as follows:

On December 12, 2021, the Newberry Police Department received a referral regarding suspected child abuse involving a nine-year-old female, H.P., who alleged inappropriate conduct by [Appellant].  A forensic interview was conducted during which H.P. stated that her friend's father, identified as [Appellant], touched her private parts during sleepovers.  H.P., then in fourth grade, reported that the abuse began when she was in the third grade and occurred nearly every time she stayed at [Appellant's] residence.

H.P. [stated] that [Appellant] would enter the bedroom where she and her friends were gathered, lie down beside them, and reach into her pants to touch her genitals.  She described the area as "the place where she pees."  Despite attempting to prevent the contact by crossing her legs and telling him to stop, [Appellant] persisted.  She indicated that he whispered for her to keep the abuse secret and questioned whether she engaged in similar behavior at home.

During the investigation, another [female] child, A.B., ten years old, was identified as an additional victim.  In her forensic interview on January 4, 2022, A.B. disclosed that [Appellant] had also touched her inappropriately during sleepovers, describing how he rubbed the front of her genital area in a circular motion under her clothing.  On March 4, 2022, [the aforementioned criminal] charges were filed against [Appellant, at two docket numbers, one for each victim.[2]]  A jury trial concluded on January 10, 2024, with [Appellant] convicted of all charges.  [The trial

---

[1]   18 Pa.C.S.A. §§ 3125(b), 3125(a)(7), 3126(a)(7) (two counts), and 6301(a)(1)(ii) (two counts).

[2]  This Court *sua sponte* consolidated the subsequent appeals by order entered on July 28, 2025.

J-S07019-26

court] imposed [an aggregate] sentence [of 16 to 32 years of imprisonment, with a consecutive, mandatory term of three years of probation] on June 24, 2024.

Amended Trial Court Opinion, 7/21/2025, at 1-2. These timely appeals resulted.[3]

On appeal *pro se*, Appellant presents the following issues[4] for our review:

I.     [Did the] trial court [impose] an illegal sentence [] where combined confinement and probation exceeded twenty (20) years[?]

_____

[3] Appellant was originally represented by counsel in both appeals. Defense counsel filed post-sentence motions on July 1, 2024, which were denied on July 5, 2024. Counsel filed timely notices of appeal on July 16, 2024. Thereafter, counsel and the trial court complied timely with Pa.R.A.P. 1925. While this appeal was pending, Appellant asked to proceed *pro se* and this Court remanded the matter for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Following the ***Grazier*** hearing, the trial court, by order entered on April 1, 2025, permitted Appellant to proceed *pro se*. Thereafter, on May 29, 2025, we again remanded this case for the filing of a supplemental *pro se* concise statement pursuant to Pa.R.A.P. 1925(b) and supplemental trial court opinion pursuant to Pa.R.A.P. 1925(a). On July 23, 2025, this Court received a supplemental Rule 1925(a) opinion filed by the trial court on August 15, 2024.

[4] Counsel for Appellant raised 17 issues in the initial Rule 1925(b) concise statement. Appellant raised seven additional issues in his *pro se*, supplemental Rule 1925(b) statement. Aside from the two issues set forth above, Appellant has abandoned the rest of the claims he presented below. ***See Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (failure to present any appellate argument in support of an issue results in waiver); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (citation omitted) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fail[s] to develop [the claim in] any other meaningful fashion capable of review, that claim is waived."); ***see also Commonwealth v. Heggins***, 809 A.2d 908, 912 (Pa. Super. 2002) (an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived).

- 3 -

> II. [Whether the] trial court palpably abused its discretion in denying [Appellant's] motion for a new trial [because the] verdict was against the weight of the evidence[?]

Appellant's *Pro Se* Brief, at 16-17.

In his first issue presented, Appellant contends that the trial court imposed an illegal sentence. More specifically, Appellant argues that the maximum sentence for a first-degree felony is 20 years of incarceration, that a split sentence of incarceration and probation cannot exceed the statutory maximum, and, therefore, when "[t]he trial court imposed [an aggregate sentence of] 20 years [of] confinement plus three years [of] consecutive probation on [his first-degree conviction under] 18 Pa.C.S.A. 3125(b) … the sentence [was] illegal and must be vacated." *Id.* at 16 (citations omitted).

This Court has stated:

> Questions regarding the legality of a sentence are not waivable and may be raised *sua sponte* on direct review by this Court. Review of the legality of a sentence presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.

*Commonwealth v. Verma*, 334 A.3d 941, 951 (Pa. Super. 2025) (internal citations and quotations omitted).

Appellant concedes that a jury convicted him of aggravated indecent assault of a child pursuant to 18 Pa.C.S.A. 3125(b), a first-degree felony which subjected him to a maximum statutory penalty of 20 years' incarceration. *See* 18 Pa.C.S.A. § 1103(1) (defendant convicted of first-degree felony subject to term in prison of not more than 20 years); *see also* 18 Pa.C.S.A. 3125(c)(2)

(grading aggravated indecent assault of a child under Subsection 3125(b) as a felony of the first degree). Aggravated assault of a child is classified as "a Tier III sexual offense" pursuant to 42 Pa.C.S.A. § 9799.14(d)(7). "A person who is convicted in a court of this Commonwealth of an offense under [S]ection 9799.14(d) (relating to sexual offenses and tier system) **shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court**." 42 Pa.C.S.A. § 9718.5(a) (emphasis added). "The court may impose the term of probation required under subsection (a) **in addition to the maximum sentence permitted for the offense** for which the defendant was convicted." 42 Pa.C.S.A. § 9718.5(b). "**There shall be no authority** in a court **to impose** on an offender to which this [S]ection is applicable **a lesser period of probation than provided for under subsection (a)**. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory period of probation provided under this section." 42 Pa.C.S.A. § 9718.5(c) (emphasis added). At sentencing, the trial court imposed "a consecutive three-year period of probation" to its sentence of 10 to 20 years for aggravated assault of a child. *See* N.T., 6/24/2024, at 12-16.

We discern no error of law. Appellant's conviction for aggravated assault of a child pursuant to 18 Pa.C.S.A. 3125(b), is a Tier III sexual crime enumerated in 42 Pa.C.S.A. § 9799.14(d)(7). As such, the trial court was statutorily required to impose a mandatory term of three years of probation

in addition to the maximum sentence of 20 years of imprisonment as permitted for a conviction for aggravated assault of a child. **See Verma**, 334 A.3d at 952 (Verma was convicted of "attempt to commit [involuntary deviate sexual intercourse] as a Tier III sexual crime enumerated in 42 Pa.C.S.A. § 9799.14(d), and we discern no error in the trial court imposing the three-year probationary tail for that conviction."); *see also Commonwealth v. Reyes*, 350 A.3d 988, 1008 (Pa. Super. 2025), *citing* 42 Pa.C.S.A. § 9718.5(a) ("If [Reyes] had been convicted of a Tier III offense, the sentence imposed would be lawful, because he would be subject to the mandatory term of consecutive probation of three years "in addition to any other lawful sentence issued by the court" applicable to a Tier III offense under subsection 9799.14(d)."); *see also Commonwealth v. Neuman*, 326 A.3d 463 (Pa. Super. 2024) (trial court constrained to impose the mandatory three-year probationary period and Neuman not entitled to relief). Moreover, there is no authority for the trial court to impose a lesser period of probation. 42 Pa.C.S.A. § 9718.5(c). Accordingly, for all of the foregoing reasons, the trial court imposed a statutorily mandated, lawful sentence and Appellant is not entitled to relief on his first issue.

Next, Appellant argues that his convictions were against the weight of the evidence. Appellant's *Pro Se* Brief, at 17-27. More specifically, Appellant claims that testimony regarding evidence that "H.P. was diagnosed with a urinary tract infection shortly after the repeated abuse bears scrutiny." **Id.** at 19. Appellant further asserts that the trial judge failed to cite legal authority

for his decision to deny post-sentence motions and also "firmly supplant[ed] himself as a thirteenth juror by stating his personal belief of [Appellant's] guilt in open court." *Id.* at 22. Appellant suggests that it was error for the trial court to "couch[ its] entire analysis of [Appellant's] weight claim on the credibility of witnesses and contradictions in testimony, a function clearly reserved for the jury." *Id.* (citations omitted). Appellant argues the trial court "has clear animosity toward [Appellant] and all those associated with him, believe[d] he [was] guilty, sympathize[d] with H.P. in particular, and denied [Appellant's] claim in accordance with [] personal beliefs[.]" *Id.* at 25.

Our standard of review is well-established:

When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A trial court may sustain a weight challenge only if the verdict is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. We defer to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

*Commonwealth v. Clemens*, 242 A.3d 659, 667 (Pa. Super. 2020) (internal citations and quotations omitted).

Moreover,

[a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for

- 7 -

granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Beatty*, 227 A.3d 1277, 1290 (Pa. Super. 2020) (citation omitted).

Here, the trial court determined that the verdict did not shock one's sense of justice and that Appellant's weight of the evidence claim failed. Amended Trial Court Opinion, 7/21/2025, at 4. More specifically, the trial court found:

> The jury was presented with compelling testimony from both victims and corroborating evidence from family members, a neighbor, and the forensic interviews. Medical evidence confirmed that H.P. was diagnosed with a urinary tract infection shortly after the reported abuse. [Appellant's] conduct was described with specificity and consistency across multiple sources. The jury's verdict was fully supported by the record and does not shock the conscience.

*Id.* at 4 (record citations omitted).

Upon review, we find that the trial court did not abuse its discretion in ruling on Appellant's weight claim. Appellant essentially asks this Court to reassess the credibility of the witnesses and to reweigh the evidence presented at trial to reach a different result. The jury was the fact-finder, however, and we will not substitute our judgment for its decision. Because the trial judge had the opportunity to hear and see the evidence presented, we accord the gravest consideration to its findings and rationale when reviewing the determination that the verdict was not against the weight of the evidence. Hence, we agree with the trial court's assessment that the verdict

does not shock one's conscience. Accordingly, we discern no abuse of discretion in the trial court's ruling that Appellant's weight of the evidence claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/13/2026